UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DeANDRE ROBINSON,

Plaintiff,

v.

HERNANDEZ, et al.,

Defendants.

No.  2:23-cv-2542-TLN-EFB (PC)

ORDER

Plaintiff is a county jail inmate proceeding pro se in an action brought under 42 U.S.C. § 1983.  Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  *Id.*  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

1

establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under *Palmer*, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.   Plaintiff states that he has major depression, bipolar disorder, and schizoaffective disorder.  According to plaintiff, he is experiencing hallucinations that prevent him from effectively litigating without counsel.  To justify appointment of counsel based on health limitations, a plaintiff must present evidence documenting those limitations as well as evidence that the limitations significantly impair the plaintiff's ability to litigate the case. *Brown v. Reif*, No. 2:18-cv-01088 KJM CKD P, 2019 U.S. Dist. LEXIS 33310, at *6-8 (E.D. Cal. Mar. 1, 2019) (and cases cited therein).  Plaintiff has not presented any evidence substantiating his claims of impairment.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 47) is denied without prejudice.

DATED:  March 24, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE