UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE ROBINSON<br>Plaintiff,<br>v.<br>DEPUTY HERNANDEZ, DEPUTY BIRD,<br>Defendants. | No. 2:23-cv-02541 TLN-EFB (PC)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's complaint against defendants Hernandez and Bird for deliberate indifference to medical needs in violation of the Eighth Amendment. ECF No. 1. Now before the court is defendants' motion for summary judgment. ECF No. 44. For the reasons stated below, it is recommended that defendants' motion for summary judgement be granted.

## I. Background

This action proceeds on plaintiff's claim regarding events that allegedly occurred at the Sacramento County Main Jail (Main Jail) in 2023. ECF No. 1. Plaintiff's allegations include the following. Plaintiff suffers from bipolar disorder and depression. While on suicide watch at Main Jail, plaintiff cut his inner wrist to attempt suicide. *Id.* Defendants, employees of the jail, checked on plaintiff during the suicide watch and observed him cutting his wrist but did nothing.

*Id.* As a result, plaintiff suffered a wound to his left wrist, as well as emotional distress, for which he seeks compensatory and punitive damages. *Id.*

Upon screening plaintiff's complaint, this court found that the allegations in plaintiff's complaint stated a potentially cognizable claim for relief for violation of plaintiff's rights under the Eighth Amendment. ECF No. 9. Defendants subsequently filed an answer, and this court issued a discovery and scheduling order. ECF Nos. 29, 36. Now before the court is defendants' motion for summary judgment. ECF No. 44-1.

## II. Legal Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*,

477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id*. at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id*. at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id*. If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

////

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute, the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence and draws inferences most favorably for the opposing party. *See id*. at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *Am. Int'l Group, Inc. v. Am. Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

Concurrent with their motion for summary judgment, defendants advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 44; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999).

////

## III. Analysis

Defendants move for summary judgment on the ground that plaintiff failed to adequately exhaust his administrative remedies. ECF No. 44-1. Because plaintiff is a prisoner suing over the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." *Ross v. Blake*, 578 U.S. 632, 638 (2016) (quoting *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)).

The PLRA applies to all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), and a prisoner is required to exhaust those remedies which are available. *See Booth v. Chumer*, 532 U.S. 731, 736 (2001). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case"). The requirements of a particular prison, and not the PLRA, "define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

Dismissal for failure to exhaust should generally be brought and determined by way of a motion for summary judgment under Rule 56. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Under this rubric, defendant bears the burden of demonstrating that administrative remedies were available, and that the plaintiff did not exhaust those remedies. *Id.* at 1172. If defendant carries this burden, then plaintiff must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* If the undisputed evidence, construed in the light

most favorable to plaintiff, demonstrates that plaintiff did not exhaust the available administrative remedies, then defendant is entitled to summary judgment. *Id.* at 1166.

Defendants contend that the undisputed facts confirm that plaintiff did not exhaust the available administrative remedies with regards to his instant claim. Defendants are correct. Plaintiff acknowledges in his complaint that while administrative remedies were available to him, he did not submit a request for administrative relief or appeal any request for relief. ECF No. 1 at 4. Plaintiff states that he did not exhaust his administrative remedies because, although he asked an officer for a grievance form, he was never given one. *Id.* The evidence submitted by defendants, however, establishes not only that administrative remedies were available at the Main Jail, and known to plaintiff during the relevant time period, but that plaintiff availed himself of them for other grievances. ECF No. 44-2 at 2; Declaration of Eduardo Ruiz (Ruiz Decl.), ECF No. 44-3, Ex. 1C (Plaintiff's Depo. at 17:8-19).

Plaintiff alleges that defendants failed to take action when he was cutting himself on September 29, 2023. During that time, Main Jail maintained a process through which inmates could grieve the conditions of their confinement. ECF No. 44-2 at 3; Declaration of Sgt. Carey (Carey Decl.) ECF No. 44-3, Exs. 2, 2A, 2B. This process was detailed in the Inmate Handbook, which was provided to plaintiff, and which plaintiff acknowledged receiving in writing. ECF No. 44-2 at 3-5; ECF No. 44-3 at Exs. 2, 2A, 2B. Pursuant to this process, inmates are required to submit a grievance no later than five days after the incident in question, and an appeal no later than five days after a denial. ECF No. 44-2 at 6; ECF No. 44-3 at Exs. 2 and 2A.

Defendants have submitted evidence confirming that plaintiff was aware of how to file grievances and was provided with the relevant forms to do so, since he filed numerous grievances regarding his time at Main Jail. None of these grievances, however, addressed the conduct in plaintiff's current federal complaint. For example, on September 21, 2023, plaintiff grieved the conduct of his parole agent and whether he was actually in violation of his parole. ECF No. 44-2 at 7; ECF No. 44-3 at Exs. 1 and 2A. Plaintiff then requested a grievance form on October 2, 2023, just a few days after the incidents alleged in his complaint, and he testified at his deposition that he received the form that same day and submitted it. ECF No. 44-2 at 10-11; ECF No. 44-3

at Exs. 1C (Plaintiff's Depo. at 18:12-21; 53:20-38; 54:1-11; 55:20-28; 56: 2-28; 57:1-28); Ex. 2C (Oct. 2, 2023 Grievance). This grievance, however, also addressed the conduct of his parole agent. There was no mention of the conduct of either defendant, or of plaintiff's self-harm in his cell. *Id.* The response to plaintiff's grievance stated "Grievance forms are for use for complaints inside of this facility [Main Jail]. I am unable to identify a specific issue within the jail you are grieving." ECF No. 44-3 at Ex. 2C. Plaintiff did not appeal this grievance. *Id.* at Ex. 2.

At the time of his initial release from Main Jail on October 14, 2023, plaintiff was subject to a screening process. ECF No. 44-2 at 17; ECF No. 44-3 at Exs. 1A and 1C. He did not mention the alleged events of September 29, 2023. *Id.* Plaintiff was re-incarcerated at Main Jail on October 19, 2023; on that same day, he filed yet another grievance about his parole officer. ECF No. 44-2 at 18-20; ECF No. 44-3 at Exs. 1C and 2C. The court has reviewed the relevant submissions and concludes that the evidence submitted by defendants confirms that even though plaintiff was provided with grievance forms during the relevant time period, he did not, as required, exhaust the available administrative remedies for the claim in his current complaint. *See Albino*, 747 F.3d at 1168.

In his opposition to defendants' motion for summary judgment, plaintiff does not contest the evidence discussed *supra;* nor does he offer any other justification for his failure to exhaust administrative remedies prior to filing his federal lawsuit. The entirety of plaintiff's opposition states "I stand by and reallege all facts contained in the original complaint. Therefore, defendant is not entitled to summary judgment as a matter of law." ECF No. 49.[1] As discussed *supra*, the sole defense in plaintiff's complaint for failure to exhaust is plaintiff's allegation that he requested but was not provided with a grievance form. ECF No. 1. The undisputed evidence submitted by defendants, however, as well as plaintiff's own testimony, confirms that plaintiff was in fact provided with grievance forms more than once, including a few days after the alleged Eighth Amendment violation. ECF No. 44-3 at Ex. 2C. It is also undisputed that plaintiff

[1] Plaintiff's opposition to defendants' motion was not timely filed, and defendants maintain in their reply that plaintiff's failure to timely file amounts to a waiver of any opposition to their motion. ECF No. 50. It is true that plaintiff's opposition was due on October 17, 2025, and not filed until April 6, 2026, without leave of court for an extension of time. ECF No. 49. Nonetheless, the court finds the prudent option is to consider defendants' motion on the merits.

actually filed several grievances during his time at Main Jail, even though none of them addressed the alleged failure of defendants to aid plaintiff when he was cutting himself. *Id.* Because the undisputed evidence, construed in the light most favorable to plaintiff, demonstrates that plaintiff did not exhaust the available administrative remedies as to the claim in his complaint, defendants are entitled to summary judgment. *See Albino,* 747 F.3d at 1166.

## VI. Recommendation

For the foregoing reasons, it is RECOMMENDED that defendants' motion for summary judgment be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 10, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE